***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, which has jurisdiction of the parties and subject matter. *Page 2 
2. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to mis-joinder or non-joinder of parties.
4. On all relevant dates, defendant-employer was insured for workers' compensation purposes by The Hartford.
5. Plaintiff sustained an occupational disease caused by her work as a dental hygienist, and her last injurious exposure to the hazards of the disease occurred while she was employed by defendant-employer, Jed Levitas, DMD.
6. An employment relationship existed between plaintiff-employee and defendant-employer-defendant from January 2005 to December 2006.
7. On all relevant dates, plaintiff's average weekly wage was $850.25.
8. Plaintiff has been paid by defendants ongoing total disability compensation at the rate of $566.86 per week since her last day of work.
9. Plaintiff's claim was found to be compensable pursuant to an Opinion and Award by Deputy Commissioner James C. Gillen, dated 25 June 2007.
10. Plaintiff has received medical compensation in addition to indemnity compensation.
11. The parties submitted the following:
 a. A packet of various stipulated exhibits, which was admitted into the record and marked as Stipulated Exhibit (2) and which included the following:
 (i) Medical Records; *Page 3 
 (ii) Industrial Commission Forms and Filings, including the 25 June 2007 Opinion and Award by Deputy Commissioner James C. Gillen, and the 10 April 2008 and 22 May 2008 Administrative Orders by Special Commissioner Christopher B. Rawls;
 (iii) The Transcript of an earlier Deposition of Dr. Neal Goldberger; and;
 (iv). The Transcript of an earlier Deposition of Dr. Namee Box.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff experiences chronic pain due to a cervical root irritation with secondary myofascial pain. In his 25 June 2007 Opinion and Award, Deputy Commissioner James C. Gillen found this condition to be a compensable occupational disease and authorized past and future medical treatment provided and recommended by Dr. Goldberger and Dr. Box which is necessitated by plaintiff's compensable occupational disease.
2. Plaintiff has undergone conservative treatment for chronic pain including physical therapy, epidural steroid injections, trigger point injections, botox injections, a TENS unit, and medication. Dr. Goldberger believes that plaintiff can either undergo further conservative treatment or undergo a relatively new procedure known as a provocative discography followed by an anterior cervical discectomy.
3. Provocative discography is a diagnostic procedure in which dye is injected into the disc or discs suspected of being the patient's pain generator in an attempt to pinpoint the pain *Page 4 
generator. Following the surgery a disc compression is performed by inserting a spinal wand into the offending disc and vaporizing six to seven percent of it in order to relieve the pressure from the nerve.
4. Defendants have denied authorization for the provocative discography and plasma disk decompression procedures recommended by Dr. Goldberger. Defendants contend that plaintiff should enroll in a comprehensive rehabilitation program with Dr. T. Kern Carlton at The Rehab Center.
5. Dr. Goldberger is a specialist in anesthesiology and pain medicine, but is not a spine surgeon. Dr. Goldberger admitted that these procedures are newer technology, and have only been performed for about six years. Of the physicians who have examined plaintiff, Dr. Goldberger is the only one recommending this procedure. Dr. Goldberger sent plaintiff to Dr Coric for a surgical referral.
6. Dr. Goldberger testified that provocative discography has been performed for cervical spine conditions with good results in about one hundred thousand cases nationwide, and that in his own personal experience, he had found it to be a reliable and useful diagnostic tool. Dr. Goldberger opined that the radiation of pain into plaintiff's shoulders was radicular pain from her bulging discs, and that plasma disc decompression is effective in treating such pain. According to Dr. Goldberger, the procedure is also effective in treating non-radicular or axial neck pain.
7. Dr. Coric is a board certified neurosurgeon with Carolina Neurosurgery Spine and is Chief of Neurosurgery at Carolinas Medical Center, with a primary emphasis on spinal surgery. Plaintiff was initially seen by Dr. Coric on August 16, 2006, at which time Dr. Coric diagnosed plaintiff with "mild spondylosis at the C5-6 level with disc bulge but no specific nerve *Page 5 
root compression," which was confirmed by an MRI performed on September 8, 2006. Based on the MRI and physical examination, Dr. Coric opined that plaintiff would not benefit from surgery but could benefit from intensive rehabilitation, core strengthening, physical therapy, and other similar nonsurgical alternatives. Dr. Coric is of the opinion that the benefits of a potential surgery would not outweigh the risks in plaintiff's case. Dr. Coric is familiar with the procedure, but does not use it in the cervical spine. Dr. Coric opined that it is not the standard of care in this community, referring to Carolinas Medical Center and Presbyterian Hospital or ninety-five percent of the spine surgeons in the area, to do provocative cervical discograms. According to Dr. Coric there is not as clear of a correlation between pain and abnormal imaging in the cervical spine when compared to the lumbar spine.
8. With respect to the second procedure, plasma disc decompression, Dr. Coric does not "think there is a single surgeon in Charlotte, orthopedic or neurosurgeon who does that procedure" because there is not adequate literature recommending its efficacy. Therefore, Dr. Coric did not recommend plasma disc decompression for plaintiff.
9. On October 8, 2007, plaintiff was seen by Dr. Alfred L. Rhyne. Dr. Rhyne is a board certified orthopedic surgeon with OrthoCarolina who primarily practices with the spine and initially examined plaintiff. Dr. Rhyne diagnosed plaintiff with "cervical pain, mild degenerative disk disease, [and] questionable C6 radiculopathy." Given that Plaintiffs spine MRI was over a year old at that point, he ordered another MRI, which was completed on November 16, 2007. This MRI showed a slight disc bulge at C6-7, but without encroachment on a nerve or the spinal cord. Based on the MRI results, Dr. Rhyne opined that plaintiff would not benefit from any type of surgical intervention, whether it was a disk replacement fusion or plasma disk decompression as surgery would not alleviate any of plaintiff's complaints. Dr. *Page 6 
Rhyne did not think surgery would be effective to effect a cure, provide relief, or lessen plaintiff's period of disability. Dr. Rhyne recommended that plaintiff undergo physical therapy and pain management.
10. Dr. Rhyne opined that cervical discography is not accepted within the spine community and was considered "fringe medicine." While Dr. Rhyne performed provocative discograms on the lumbar spine, this procedure would be performed by a different physician, if he planned to operate on the patient in order to prevent bias in the treatment plan.
11. Dr. Edward N. Hanley, Jr., Chairman of the Department of Orthopedic Surgery at Carolinas Medical Center, is a full-time practicing, board certified orthopedic surgeon who specializes in the spine and is an expert in spinal and orthopedic surgery. Dr. Hanley examined plaintiff on February 5, 2008 and reviewed the November 16, 2007 MRI. Dr. Hanley diagnosed plaintiff with chronic neck pain due to cervical spondylosis and superimposed muscular symptoms. The secondary diagnosis was small disc protrusion C5-6 and C6-7 without evidence of radiculopathy and myelopathy. Based on his review, Dr. Hanley recommended that plaintiff undergo rehabilitation measures and, like Dr. Rhyne and Dr. Coric, opined that surgery was not appropriate in plaintiff's case. Dr. Hanley opined that surgery for neck pain alone is generally unsuccessful and not recommended because of the poor outcomes associated with surgery of that nature. Dr. Hanley did not recommend a cervical discography in plaintiff's case due to potential complications, such as a higher incidence of infection, and not being useful in diagnosing neck conditions.
12. Dr. Hanley opined that the plasma disc decompression surgery is a relatively new procedure with limited scientific and clinical evidence that would suggest that it is a viable treatment option for most patients with neck conditions. Dr. Hanley also opined that plasma *Page 7 
decompression had a success rate of approximately fifty percent, which is unsatisfactory and does not justify performance of the procedure.
13. In its discretion, the Full Commission gives greater weight to the testimony and opinions of Dr. Coric, Dr. Hanley, and Dr. Rhyne than the testimony and opinion of Dr. Goldberger.
14. Based upon the totality of the credible medical evidence of record, the provocative discography and plasma disc decompression is not reasonably necessary to provide relief or effect a cure for plaintiff's cervical condition.
15. Defendants' denial of the discography and disc decompression was reasonable.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the undersigned concludes as follows:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat § 97-25, medical compensation shall be provided by the employer. Plaintiff is entitled to have defendants pay for medical expenses as a result of the compensable injury as are required to provide relief, effect a cure, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
2. However, based upon the totality of the credible medical evidence of record, the provocative discography and plasma disc decompression is not reasonably necessary to provide relief or effect a cure.Id.
3. As defendants' denial of the discography and disc decompression was reasonable, plaintiff is not entitled to attorney fees. N.C. Gen. Stat. § 97-88.1
 *********** *Page 8 
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 AWARD
1. Plaintiff's request to have defendants provide her with a provocative discography and plasma disc decompression is DENIED.
2. Defendants shall pay the costs.
This the 26th day of June, 2009.
 S/_____________
 STACI T. MEYER
 COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER *Page 1